| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| JOSÉ DIOSCORIDE SANTIAGO TORRES<br><br>**PETICIONARIA**<br><br>v.<br><br>MARIANA RODRÍGUEZ GALLIANO Y OTROS<br><br>**RECURRIDA** | KLCE202300697 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil núm.: PO2019CV01417 (604)<br><br>Sobre: DAÑOS |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

El peticionario, José D. Santiago Torres, solicita que revisemos la denegatoria del Tribunal de Primera Instancia a reconsiderar la decisión de no reabrir su caso.

**I**

El señor Santiago presentó cuatro demandas por separado en las que reclamó una indemnización por los daños que le ocasionó una hospitalización involuntaria. Los pleitos fueron consolidados. El peticionario desistió de todos los casos y solicitó el cierre. El 9 de octubre de 2019, el TPI dictó sentencia de desistimiento con perjuicio sobre la totalidad de la demanda. No obstante, el peticionario solicitó reconsideración para que la desestimación fuera sin perjuicio. El TPI se negó a reconsiderar la decisión. El peticionario solicitó revisión al Tribunal de Apelaciones. El 18 de noviembre de 2021, el Tribunal de Apelaciones modificó la sentencia para que el desistimiento fuera sin perjuicio.

El 30 de enero de 2023, el peticionario presentó una moción titulada *Renovación demanda al enmendarse la sentencia por el apelativo sin perjuicio* en la que alegó que:

[…]

2. Que las partes están al presente bajo la jurisdicción del tribunal, por lo cual permanecen emplazadas.

3. Que el demandante radicó sendas mociones desistiendo del desistimiento y han sido ignoradas, a pesar de que lo que previeron fue redemandar, tal cual la Sentencia final aprobó Apelativo.

4. Que el demandante está remitiendo la nueva demanda a las partes que aún están bajo la jurisdicción del Tribunal.

El 7 de febrero de 2023, el TPI declaró NO HA LUGAR la solicitud.

El 10 de febrero de 2023, el peticionario presentó *Moción tribunal indique como se demanda cuando existe una existencia sin perjuicio y cuando los hechos han pasado hace más de un año y no ha bajado el mandato y moción de reconsideración otras.*

El 15 de febrero de 2023, el TPI resolvió sobre dicha moción nada que disponer, debido a que la sentencia de desistimiento con perjuicio era final y firme.

El 23 de febrero de 2023, el peticionario presentó *Renovación demanda al enmendarse la sentencia por el apelativo a sin perjuicio y aun sin recibirse mandato según notificación juez administradora* en la que expuso:

1. Que se acompaña copia de la Demanda radicada el 21 de febrero de 2023 y lleva el número PO2023CV00499 asignada a la Sala 602 a los efectos de cumplir con lo notificado por esta Sala quien ordenó seguir con los procedimientos legales, conforme a la Sentencia que enmendó el Tribunal Apelativo Sentencia determinó SIN PERJUICIO.

2. Que las partes están al presente bajo la jurisdicción del tribunal, por lo cual permanecen emplazadas, no obstante, por si procede en derecho se solicitaron emplazamientos y se pagó el sello de rentas internas.

3. Que al radicar la re demanda no se renuncia a absolutamente a los derechos que el demandante tiene sobre los demandados y ningún procedimiento apelativo hasta el Supremo USA, toda vez que el Demandante solicitó desistir del desistimiento y eso

hubiere permitido seguir con los procedimientos presentes.

4. Que el procedimiento de volver a radicar es uno de darle vueltas a la noria y tiene visos de inconstitucionalidad.

5. Que las Reglas de Procedimiento Civil no son claras, ni prohíben solicitar desistimiento de la solicitud de desistir.

6. Que un ataque a esta demanda de hace años por este tribunal ordenar demandar de nuevo, probaría que es inconstitucional obligar al re demandar como única solución.

7. Que el demandante radicó sendas mociones desistimiento del desistimiento y han sido ignoradas, a pesar de que lo que previeron fue redemandar, tal cual la Sentencia final aprobó Apelativo.

8. Que el demandante está remitiendo la nueva demanda a las partes que aún están bajo la jurisdicción del Tribunal.

El 8 de marzo de 2023, el peticionario presentó *Moción informativa cumplimiento radicación de re demanda* en la que alegó:

[…]

3. que como todas las partes re demandadas y ya aquí emplazadas consta en el expediente están bajo la jurisdicción del Tribunal.

[…]

4. que en base a que se continúen los procedimientos, se están radicando Demandas a todos los demandados aplicando la Sentencia de sin perjuicio.

5. que el demandante entiende que todos los demandados que han comparecido en la situación actual, quedan automáticamente reemplazados, con el emplazamiento original que consta en el expediente.

El 10 de marzo de 2023, el peticionario presentó *Moción informativa sobre demanda caso continuación de este* en la que expuso:

(1) Que se radicó la demanda caso núm. PO2023CV00499, SALA 602 en continuación de la sentencia sin perjuicio.

El 14 de marzo de 2023, el TPI notificó la orden siguiente:

SE ACLARA LA PRESENTACIÓN DE NUEVO RECURSO SE ENCUENTRA ANTE LA CONSIDERACIÓN DE OTRA SALA QUIEN DICTARÁ

LOS PROCESOS DE CONFORMIDAD CON LAS REGLAS DE PROCDIMIENTO CIVIL.

El 17 de marzo de 2023, el TPI resolvió:

EXAMINADA LA MOCIÓN EN RELACIÓN A PRESENTACIÓN DE OTRO CASO MANEJADO EN OTRA SALA SE DISPONE; NADA QUE PROVEER.

El 23 de marzo de 2023, el peticionario presentó tres mociones distintas. Una moción titulada *Moción urgente solicitud acción tomada sobre moción radicada el 11 de octubre de 2019 sobre un desistimiento,* en la que alegó:

> 1. Que con fecha del 14 de marzo de 2023 este Tribunal ante una moción de reconsideración contestó que no tiene nada que disponer porque el caso tiene Sentencia.

El peticionario presentó ese mismo día *Moción urgente solicitud acción tomada sobre moción radicada el 12 de enero del 2022 sobre un desistimiento.* El señor Santiago hizo alusión a la decisión emitida el 14 de marzo de 2023, en la que el tribunal atendió una moción de reconsideración y resolvió que no tenía nada que disponer porque el caso tenía sentencia.

El 23 de marzo de 2023, el peticionario también presentó *Moción urgente solicitud acción tomada sobre moción radicada el 30 de enero 2023,* en la que solicitó desistir del desistimiento. El peticionario alegó que la contestación a esa moción era necesaria para radicar apelación.

El 28 de marzo de 2028, el TPI resolvió y notificó lo siguiente:

> Nuevamente exponemos que según del expediente mediante Sentencia emitida el 18 de noviembre de 2021 en los casos KLAN201901289 consolidado con el KLAN201901401 el Tribunal de Apelaciones decretó el desistimiento sin perjuicio del presente caso. A esos fines, se modificó la determinación tomada por el Tribunal de Primera Instancia el 9 de octubre de 2019 cuando se dictó Sentencia Enmendada a los fines de desestimar con perjuicio el presente caso. El Mandato fue remitido el 11 de abril de 2022. Por lo tanto, a esta fecha es final y firme la Sentencia emitida por el Tribunal de Apelaciones en la cual se desestimó sin perjuicio el caso. Tomamos conocimiento de la presentación del caso conforme a derecho ante la

consideración de otra sala. Toda determinación sería académica.

El 23 de mayo de 2023, el peticionario presentó *Moción urgente reconsideración acción tomada sobre moción radicada el 12 de enero del 2022 sobre un desistimiento.* El peticionario cuestionó que el 19 de enero de 2023, el tribunal se dio por enterado y no resolvió lo planteado.

El 1 de junio de 2023, el TPI aclaró e instruyó al peticionario que su solicitud fue resuelta el 15 de febrero de 2023, cuando determinó nada que disponer, debido a que el caso tiene sentencia final sin perjuicio. El TPI le aclaró que, el 15 de febrero de 2023, fue advertido que tenía que iniciar la causa conforme a derecho. El foro primario volvió a informar al peticionario que la sentencia de desistimiento sin perjuicio del Tribunal de Apelaciones era final y firme. El TPI tomó conocimiento de la presentación del caso en otra sala.

El 6 de junio de 2023, el peticionario solicitó reconsideración insistiendo en que la sentencia sin perjuicio, le da derecho a desistir del desistimiento y continuar el caso sin volver a demandar y emplazar.

El 9 de junio de 2023, el TPI notificó la orden siguiente:

Véase, la orden de esta Curia del 1 de junio de 2023. Todos los asuntos en el presente caso fueron previamente atendidos y el mismo contiene sentencia final.

El 16 de junio de 2023, el peticionario presentó este recurso en el que alegó que:

El Tribunal falta a la Constitución y al debido proceso de ley, interpretando, que una Sentencia en Apelación que el demandante, la acogió porque revocó una que le perjuicio, limita la acción del Tribunal a procesar, una moción que dio por recibida y ENTERADO desistiendo del desistimiento, y ahora dice que, por ser ya final y firme, la moción recibida de desistir no tiene validez, que si la hubiere declarado NO HA LUGAR, SE HUBIERA ACTUADO DE OTRA FORMA DENTRO UN AÑO. El error consiste que es incorrecto,

que la Sentencia puso fin al caso, el demandante alega su moción de desistir mantiene vivo el caso.

**II**

**A.**

La jurisdicción es la autoridad o el poder de los tribunales para atender y decidir un caso o controversia. Las cuestiones jurisdiccionales son privilegiadas. Por esa razón, deben resolverse con preferencia. *Metro Senior Development LLC v. Autoridad para el Financiamiento de la Vivienda,* 209 DPR 203, 208-209 (2022)*; Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Los tribunales tienen la responsabilidad indelegable y ministerial de examinar en primera instancia, su propia jurisdicción. Igualmente están obligados a evaluar la jurisdicción del foro de donde procede el recurso ante su consideración. Los tribunales tienen que ser guardianes celosos de su jurisdicción. La falta de jurisdicción incide sobre el poder adjudicativo de los tribunales. *Metro Senior Development LLC v. Autoridad para el Financiamiento de la Vivienda, supra*; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018).

La falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada, (2) las partes no pueden conferirla voluntariamente a un tribunal y este tampoco puede arrogársela, (3) la nulidad del dictamen emitido, (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción, (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento a instancia. *Metro Senior Development LLC v. Autoridad para el Financiamiento de la Vivienda, supra,* pág. 373. El tribunal que carece de autoridad para atender un recurso solo tiene facultad para así declararlo y desestimar el caso. *Lozada Sánchez et al v. JCA,* 184 DPR 898, 909(2020).

**B.**

La academicidad es una de las doctrinas que acotan los límites de la función judicial. Su aplicación exige que en todo pleito exista una controversia real entre partes adversas. Un caso se convierte académico, cuando el asunto en controversia sucumbe ante el paso del tiempo, porque ocurrieron cambios en los hechos o en el derecho. El dictamen que el tribunal emita no surtirá efecto práctico entre las partes, si existen esas circunstancias. Los tribunales pierden su jurisdicción cuando ocurren cambios durante el trámite judicial que hacen que una controversia en particular pierda su actualidad. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 73 (2017); *Asoc. de Periodicstas v. González,* 127 DPR 704, 717 (1991).

Por imperativo constitucional, los tribunales debemos abstenernos de considerar los méritos de un caso académico. No obstante, existen las excepciones siguientes: (1) se plantea una cuestión recurrente o susceptible de volver a ocurrir y que tiende a evadir la revisión judicial, (2) cuando la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente y (3) cuando se tornan académicos aspectos de la controversia, pero subsisten consecuencias colaterales. *Bhatia Gautier v. Gobernador, supra,* págs. 73-74; *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 933 (2011).

**C.**

El Tribunal Supremo de Puerto Rico se expresó en *Marrero Rodríguez v. Colón,* 201 DPR 330 (2018), sobre los efectos que tiene una subsiguiente moción de reconsideración. Una moción de reconsideración de este tipo interrumpe el término para recurrir al Tribunal de Apelaciones, cuando: (1) el dictamen impugnado fue alterado sustancialmente como consecuencia de una moción de reconsideración anterior, independientemente de quien la haya presentado, y (2) cumple con los criterios de especificidad y

particularidad de la Regla 47 de Procedimiento Civil. Una subsiguiente moción de reconsideración solo interrumpe el término para acudir al Tribunal de Apelaciones, cuando expone los hechos y derecho a reconsiderarse y las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hecho o conclusiones de derecho, cuya reconsideración se solicita por primera vez. Este análisis impide la extensión indefinida del término para recurrir en revisión judicial, mediante de reconsideración subsiguientes que son frívolas y están basadas en los mismos fundamentos. *Marrero Rodríguez v. Colón,* supra, págs. 341-342.

**III**

El peticionario alega que el TPI erró al resolver que la sentencia del Tribunal de Apelaciones finalizó el caso.

Sin embargo, el único camino viable que tenemos es la desestimación del recurso, por los fundamentos a continuación.

El tribunal perdió la jurisdicción en el caso, cuando la sentencia de desistimiento sin perjuicio se convirtió en final y firme. El peticionario debió expresar sus objeciones a dicha sentencia, mediante los mecanismos de revisión disponibles y dentro de los términos establecidos en ley. Ahora pretende reabrir el caso, sin presentar una nueva demanda y sin emplazar a los demandados. No obstante, eso es imposible porque la existencia de una sentencia final y firme priva a los tribunales de jurisdicción en el caso.

Por otro lado, la moción de reconsideración que presentó el 6 de junio de 2023 no interrumpió el término para solicitar revisión.

El peticionario solicitó reconsideración en múltiples ocasiones sobre el mismo asunto. A la fecha en que pidió reabrir el caso, había transcurrido aproximadamente un año y dos meses de dictada la sentencia de desistimiento sin perjuicio. El 7 de febrero de 2023, el TPI denegó la solicitud. El 10 de febrero de 2023, el peticionario

solicitó ser ilustrado sobre cómo demandar cuando existe una demanda de desistimiento sin perjuicio y ha transcurrido más de un año sin que bajara el mandato y la reconsideración. El 15 de febrero de 2023, el TPI resolvió que no tenía nada que proveer. El peticionario continuó presentado un sinnúmero de escritos en los que solicitó al TPI la continuación del caso. El 10 de marzo de 2023 solicitó al TPI que reconsiderara su decisión. El 17 de marzo de 2023, el tribunal denegó la solicitud de reconsideración y dispuso nada que proveer. El 23 de mayo de 2023, el peticionario presentó otra moción de reconsideración. El 1 de junio de 2023, el TPI aclaró e instruyó al peticionario que su solicitud fue resuelta el 15 de febrero de 2023. El 6 de junio de 2023, el peticionario presentó una subsiguiente moción de reconsideración, en la que insistió en continuar el caso, sin tener que volver a demandar y emplazar. El 9 de junio de 2023, el TPI lo refirió a la orden del 1 de junio de 2023.

La moción de reconsideración presentada el 6 de junio de 2023 no interrumpió el término para solicitar revisión. Una subsiguiente moción de reconsideración únicamente interrumpe el término para recurrir al Tribunal de Apelaciones, cuando el dictamen impugnado se alteró sustancialmente, como consecuencia de una moción de reconsideración anterior. *Marrero Rodríguez v. Colón,* supra, y eso no ocurrió en este caso.

El peticionario debió solicitar revisión de la decisión notificada el 15 de febrero de 2023, en la que el TPI se negó a reconsiderar por primera vez su determinación de no reabrir el caso. A partir de esa fecha comenzó a transcurrir el término de treinta (30) días de estricto cumplimiento que tenía el peticionario para presentar el recurso. Por esa razón, no tenemos otra alternativa que no sea la desestimación del recurso.

Por último, la controversia se convirtió en académica, porque el peticionario ya presentó otra demanda. El 28 de marzo de 2023,

el TPI resolvió que la controversia era académica, debido a que tomó conocimiento de que el peticionario presentó otro caso conforme a derecho. El 1 de junio de 2023, el TPI volvió a tomar conocimiento de la presentación del caso en otra sala.

A través del sistema SUMAC[1] constatamos que el 21 de febrero de 2023, el peticionario presentó nuevamente su reclamación en otra demanda. El caso se identificó con el número PO2023CV00499 y se encuentra ante la consideración del TPI. La presentación de esta demanda convirtió el pleito en académico y nos obliga a desestimar el recurso.

**IV**

Por lo antes expuesto, se desestima el recurso por falta de jurisdicción.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Sistema Unificado de Manejo y Administración de Casos.